ON APPLICATION FOR REHEARING
^MICHAEL E. KIRBY, Judge.
We grant a limited rehearing for the purpose of clarifying our decree. On original hearing we reversed the trial court’s judgment and granted a permanent injunction prohibiting defendant from impeding her neighbors’ access to the common alley. Appellants have called to our attention the fact that we did not address their assignment of error pertaining to trespass damages nor their assignment pertaining to alleged violation of the New Orleans Comprehensive Zoning Ordinance. Likewise we did not address the contempt claim against defendant for her alleged violation of the temporary restraining order. Our original opinion only addressed the issues which the trial court addressed in its judgment and reasons for judgment in ruling for the defendanVappellee. In view of our reversal of the key issue, we deem it appropriate for the trial court to address these other issues in light of our opinion on the status of the common alley. For that reason, we remand the case to the trial court for further proceedings consistent with the views expressed in our original opinion.
| {.Appellants have also called to our attention that we did not specify in detail the conduct from which defendant/appellee is to be permanently enjoined. See, C.C.P. art. 3605. Having reversed the trial court and remanded the case, we instruct the trial court on remand to enter a permanent injunction in favor of plaintiffs and against the defendant, Heydie K. Sciacca, directing said defendant to remove all obstructions from the premises of the common alley that she constructed or had constructed and to otherwise refrain from all conduct either directly or through others that otherwise obstructs or make plaintiffs’ access to and use of the alley more difficult.
All other claims and issues pertaining to the injunction or reserved to the parties and the trial court.
REVERSED AND REMANDED.
I,«APPENDIX
*359 [[Image here]]